Edward F. McElroy, *Adm'r vs.* Raymond H. Hawksley, *Gen. Treasurer.*

MARCH 27, 1963.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Condon, C. J. This is a petition which ostensibly states a question of the construction of a statute in the form of a special case for the opinion of the supreme court as provided by G. L. 1956, §9-14-24. The petition is signed only by the solicitors for the petitioner, Edward F. McElroy, administrator of the estate of John J. Quill, deceased. It alleges that the deceased was an inmate of the Rhode Island Veterans Home in Bristol and that he died intestate, leaving $6,010.01 in a savings account with the Industrial National Bank, Bristol branch, and that said sum is now in the hands of Raymond H. Hawksley, general treasurer of the state of Rhode Island, who, on behalf of the state, is claiming ownership thereof pursuant to G. L. 1956, §30-24-9. It further alleges that a dispute has arisen between the

petitioner and the general treasurer as to the constitutional validity of that section and that the opinion of this court thereon is sought.

Instead of joining in the petition and stating that he concurred in all the facts and the question of law alleged therein, the general treasurer filed an answer, as though he were a respondent, in which the facts alleged in the petition are admitted. This purported answer is not signed by the general treasurer but by special counsel in the office of the state's attorney general. In other words, it would appear from the papers in the record that the parties assumed this proceeding was similar to a cause in equity. This is a mistaken assumption, and for the reasons hereinafter stated a fatal one.

General laws 1956, §9-14-24, confers upon this court special original jurisdiction to resolve certain questions of law where parties having adversary interests concur in stating the questions. The proceeding is not a suit in equity and there is actually no respondent.

The adversary parties by reason of their concurrence in stating the question or questions are all petitioners praying the court for an opinion. They should, therefore, join in the petition and not answer it. Moreover, each party should sign it personally or, if signed by a representative, his authority to do so should be properly shown.

While this requirement may seem merely technical, it was decided by this court many years ago that it was necessary to assure the court that the parties contemplated by the statute were actually before the court. Thus, it was expressly held in *Angell* v. *Angell,* 28 R. I. 330, 331, that "The statement of facts upon which this court should properly act * * * should be made by the *'parties'* over their own signatures; or if signed by an attorney on behalf of any party, there should be such evidence of authority so to represent the party to the statement as to prevent any

question arising in future as to the authorized representation of the parties before the court."

In other words, this means that there must be absolute certainty on the face of the proceeding itself that the court has jurisdiction over the parties before it will assume to exercise the original jurisdiction over the subject matter conferred upon it specially by the statute. It is, therefore, in our opinion not a mere technicality which we would be justified in overlooking. See *Guild for an Opinion*, 28 R. I. 88, 90, where the petition was dismissed for the reason among others that it was "signed only by one petitioner, and is not verified; 'others' appear simply 'by their solicitors,' but it does not appear what 'others,' or whether or not all of the 'others' are represented."

Since the instant petition is not signed in accordance with the law as above declared it is not properly before us and is therefore dismissed, but without prejudice if all adversary parties can hereafter concur in a proper petition.

*Gallogly, Beals & Tiernan, David F. Sweeney,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for respondent.